DAUKSCH, Judge.
This is an appeal from an order denying a “motion to set aside a property settlement agreement.” Of course, there is no precedent for “setting aside” a property settlement agreement, we shall construe appellant’s intentions and the court’s order to mean that she requested and was denied an order setting aside a judgment. Although inartfully drawn, in fact inadequately drawn, the motion sought relief, we suppose, on account of some alleged fraud on the part of appellee in failing to disclose all of his assets and income at the marriage dissolution trial.
Aside from the weakness of the pleadings on behalf of appellant which fail to sufficiently make allegations for relief we are also faced with an inadequate record. There is no proof at all that appellee committed any fraud or that he concealed from the court or misrepresented anything to the court during the dissolution trial. Appellate counsel was not trial counsel. The later motion for relief was not filed by original trial counsel.
The trial began with appellant testifying and then the trial was aborted because the parties, both of them, advised the trial judge that they had agreed to a settlement. This came after the judge gave a preliminary indication as to what his ruling may be and before the appellee ever had an opportunity to testify or present any evidence.
About five weeks after the trial the parties reduced to writing and executed their agreement and submitted it to the court for approval and incorporation into the judgment.
Later appellant felt she was misled by appellee and sought to reopen the entire matter of financial obligations. A hearing was held and the court specifically found from evidence in the record that:
The wife complains that the husband concealed assets from her and one of the items complained of was monies contained in a corporation account known as Physicians & Surgeons Building, Inc., of approximately $55,000.00. Yet the Court finds that it was mentioned before this Court that said funds existed in the said corporate account by the Respondent’s Attorney on June 21st, 1982 and the attorney for the Petitioner, Michael S. Teal, was present when said monies were discussed. Therefore, the wife, through her counsel, had notice of these monies at the time of taking testimony in this cause and for about five weeks before she executed the formal written Property Settlement Agreement on July 28th, 1982. The Court further finds that substantially all of the assets of the Respondent, MICHAEL ROLAND BLAIS, were revealed to the wife or her attorneys, either in the financial affidavit filed by MICHAEL ROLAND BLAIS with the court, or through other means, such as discovery conducted by the wife’s attorneys by the trial date on June 21st, 1982 in this cause.
This ruling is a factual ruling in accordance with the law and no abuse of discretion has been demonstrated. We affirm the order appealed.
AFFIRMED.
FRANK D. UPCHURCH, Jr., J., concurs.
SHARP, J., dissents with opinion.